No. 24-3335

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

————————

LISA BODENBURG,

ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,

*Plaintiff-Appellant*,

v.

APPLE INC.,

*Defendant-Appellee.*

————————

On Appeal from the
United States District Court
for the Northern District of California

The Honorable Trina L. Thompson
Case No. 3:23-cv-4409-TLT

————————

## APPELLEE'S ANSWERING BRIEF
————————

MATTHEW D. POWERS
O'MELVENY & MYERS LLP
TWO EMBARCADERO CTR., 28TH FL.
SAN FRANCISCO, CA 94111
(415) 984-8700

JEFFREY E. GORDON
O'MELVENY & MYERS LLP
1625 EYE STREET, NW
WASHINGTON, D.C. 20006
(202) 383-5200

MICHAEL M. KLOTZ
O'MELVENY & MYERS LLP
1301 AVENUE OF THE AMERICAS, SUITE 1700
NEW YORK, N.Y. 10019
(212) 326-2000

*Counsel for Defendant-Appellee Apple Inc.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant-Appellee Apple Inc. states that it has no parent corporation. To the best of Apple's knowledge and belief, and based on publicly filed disclosures, as of the date of this filing no publicly held corporation owns 10% or more of Apple's stock.


Dated:   October 21, 2024              O'MELVENY & MYERS LLP

                                        By: */s/ Matthew D. Powers*
                                           Matthew D. Powers

                                        *Counsel for Defendant-Appellee*
                                        *Apple Inc.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................1

STATEMENT OF JURISDICTION..........................................................2

STATEMENT OF THE CASE...................................................................2

     A.    Background Facts And Allegations ...........................................2

     B.    Procedural Background..............................................................4

     C.    The District Court's Decision ...................................................4

SUMMARY OF THE ARGUMENT .........................................................8

ARGUMENT ..........................................................................................10

     I.    THE DISTRICT COURT CORRECTLY HELD THAT
             BODENBURG CANNOT STATE A CLAIM FOR BREACH
             OF CONTRACT ........................................................................10

            A.    The District Court Correctly Interpreted The iCloud
                  Legal Agreement........................................................12

            B.    The District Court Did Not Violate The Parol Evidence
                  Rule ............................................................................14

            C.    The Law For Interpreting An Ambiguous Contract Is
                  Inapplicable, But In Any Event The Extrinsic Evidence
                  Supports Apple...........................................................16

            D.    The District Court's Analogy To Another Case Involving
                  Electronic Storage Is Not Error..................................17

     II.    THE CLRA, FAL, AND UCL CLAIMS WERE CORRECTLY
             DISMISSED ...........................................................................19

            A.    Reasonable Consumers Would Not Expect To Receive
                  More Cloud Storage Than The Amount Listed For A
                  Plan............................................................................20

            B.    Fed. R. Civ. P. 9(b) Applies To The Amended
                  Complaint, And Bodenburg Fails To State A Claim...............22

**TABLE OF CONTENTS**
**(continued)**

                                                                 **Page**

    C.    The Court Correctly Took Judicial Notice Of Public
Documents From Apple's Website Comparing iCloud
And iCloud+ Plans, And Determined They Were
Incorporated by Reference ........................................................24

CONCLUSION ...........................................................................................26

# TABLE OF AUTHORITIES

**Page**

## CASES

*Becerra v. Dr Pepper/Seven Up, Inc.*,
945 F.3d 1225 (9th Cir. 2019) ....................................................... 20, 22

*Cooper v. Pickett*,
137 F.3d 616 (9th Cir. 1997) ..............................................................23

*DeFries v. Union Pac. R.R. Co.*,
104 F.4th 1091 (9th Cir. 2024) .................................................... 15, 16

*Diep v. Apple, Inc.*,
2022 WL 4021776 (N.D. Cal. Sept. 2, 2022) ......................................25

*Dinan v. Sandisk LLC*,
2019 WL 2327923 (N.D. Cal. May 31, 2019), *aff'd*, 844 F. App'x
978 (9th Cir. 2021) ............................................................ 6, 17, 18, 19

*Ebner v. Fresh, Inc.*,
838 F.3d 958 (9th Cir. 2016) ..............................................................20

*Friends of Yosemite Valley v. Kempthorne*,
520 F.3d 1024 (9th Cir. 2008) ...........................................................20

*Hammerling v. Google LLC*,
2022 WL 17365255 (N.D. Cal. Dec. 1, 2022)....................................25

*In re iPhone 4s Consumer Litig.*,
637 F. App'x 414 (9th Cir. 2016) .......................................................22

*Jackson v. S. Cal. Gas Co.*,
881 F.2d 638 (9th Cir. 1989) ..............................................................15

*JPaulJones L.P. v. Zurich Ins. Co., (China Ltd.)*,
2022 WL 1135424 (9th Cir. Apr. 18, 2022).......................................12

*Kang v. PayPal Holdings, Inc.*,
620 F. Supp. 3d 884 (N.D. Cal. 2022)................................................25

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ....................................................... 24, 25

*Moore v. Trader Joe's Co.*,
4 F.4th 874 (9th Cir. 2021) ................................................................20

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Oakland-Alameda Cnty. Coliseum Auth. v. Golden State Warriors, LLC*,
53 Cal. App. 5th 807 (2020) ................................................................16

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ..............................................................22

*Whiteside v. Kimberly Clark Corp.*,
108 F.4th 771 (9th Cir. 2024) .................................................... 21, 26

*Williams v. Gerber Prods. Co.*,
552 F.3d 934 (9th Cir. 2008) ..............................................................20

*Zucchella v. Olympusat, Inc.*,
2021 WL 8317026 (C.D. Cal. Oct. 5, 2021)........................................13

## STATUTES

28 U.S.C. § 1332(d) ..................................................................................2

Cal. Bus. & Prof. Code § 17200 *et seq.* ..................................................6

Cal. Bus. & Prof. Code § 17500 *et seq.* ..................................................6

Cal. Civ. Code § 1750 *et seq* ...................................................................6

Cal. Civ. Code § 1644 .............................................................................12

Cal. Civ. Proc. Code § 1856(g) ..............................................................15

## OTHER AUTHORITIES

Collins Dictionary ...............................................................................13

Merriam-Webster Dictionary .............................................................13

## RULES

Fed. R. Civ. P. 12(b)(6).........................................................................26

Fed. R. Civ. P. 9(b) ...........................................................................6, 22

Fed. R. Evid. 201(b).............................................................................25

**INTRODUCTION**

The district court did not err in dismissing with prejudice all of Plaintiff-Appellant Lisa Bodenburg's ("Appellant" or "Bodenburg") claims. The district court properly applied basic principles of contract interpretation, and the well-settled "reasonable consumer" standard, to determine that Appellant's claims lack merit because she cannot sue Defendant-Appellee Apple Inc. ("Appellee" or "Apple") for providing exactly the same amount of iCloud+ cloud storage for her subscription plan that it promised to give to her. As the district court explained, the terms of the cloud storage plan that Bodenburg purchased, when reasonably interpreted and read together with the plans and pricing information, state that a consumer will receive the amount of cloud storage that she acknowledges she was given for the price that she paid. The district court concluded that Bodenburg did not adequately plead any consumer protection claim against Apple regarding iCloud+ cloud storage because a reasonable consumer would not think that she would receive a larger amount of cloud storage than the amount listed for a given plan. Moreover, the district court concluded that Bodenburg could not point to any false statement that Apple had made about iCloud+. Appellant's opening brief does not present a cogent reason for reaching a different conclusion. Instead, she repeatedly misstates the district court's reasoning and the basis for its conclusions, and misrepresents the arguments that Apple made below, all in a desperate attempt to create a ground for legal error. None

1

of this changes the fact that Bodenburg's claims lack merit for the precise reasons that the district court identified. The decision below, therefore, should be affirmed.

## STATEMENT OF JURISDICTION

The district court had subject matter jurisdiction over this action under 28 U.S.C. § 1332(d). Bodenburg appealed the district court's May 8, 2024 Order granting Apple's motion to dismiss with prejudice on May 24, 2024. *See* ER-3 – ER-20; Dist. Ct. Dkt. No. 61.

## STATEMENT OF THE CASE

### A. Background Facts And Allegations

Apple produces and sells not only well-known devices like the iPhone and iPad but also premium storage services such as iCloud+, a service that customers can choose to upgrade to if they want more cloud storage to keep their photos, videos, and files, and to access additional product features.

Every Apple customer is provided with 5GB of cloud storage for free with iCloud, and there is no obligation to purchase any cloud storage. ER-87 – ER-88; ER-144 – ER-153. If a user chooses to upgrade to a paid iCloud+ plan, they can select a plan with cloud storage ranging from 50 GB to 2 TB or more. *Id*. Each iCloud+ plan clearly states the amount of cloud storage that a subscriber will receive. For instance, the "iCloud+ with 50GB storage" plan provides a subscriber with 50GB of cloud storage, and the "iCloud+ with 200GB storage" plan provides a

subscriber with 200GB of cloud storage. ER-144. Apple publicly disclosed the amount of cloud storage and additional features provided with a free iCloud plan in comparison with the amount of cloud storage and additional features provided for each iCloud+ subscription plan. ER-144 – ER-153; *see also* SER-33 – SER-40.

All of the iCloud/iCloud+ plans are governed by the iCloud Legal Agreement. ER-126 – ER-141. The iCloud Legal Agreement states: "Your Account is allocated 5GB of storage capacity as described in the iCloud feature pages. Additional storage is available for purchase, as described below." ER-126, § I.C. In a subsequent section, the agreement states: "By you upgrading to the iCloud+ Subscription service for more storage and additional features, Apple will automatically charge on a recurring basis the fee for the plan you choose . . . For details about plans and pricing, please visit https://support.apple.com/en-us/HT201238." ER-131, § III.A. The referenced website providing information about iCloud+ plans (the "plans and pricing information") identified three iCloud+ plans: "iCloud+ with 50GB storage," "iCloud+ with 200GB storage," and "iCloud+ with 2TB storage." ER-144 – ER-153.

Appellant alleges that she purchased the "iCloud+ with 200GB storage" plan for $2.99 per month, and since she had been receiving 5GB of free cloud storage with iCloud, she expected that the total storage provided to her with the "iCloud+ with 200GB storage" plan would be 205GB. ER-106 – ER-107, ¶¶ 19, 20.

## B.    Procedural Background

This lawsuit was filed in the United States District Court for the Northern District of California on August 25, 2023.  Dist. Ct. Dkt. No. 1.  After Apple moved to dismiss the complaint, Appellant filed the First Amended Class Action Complaint (the "Amended Complaint").  ER-101 – ER-168.  Apple filed a motion to dismiss the Amended Complaint, and the district court granted Apple's motion to dismiss with prejudice on May 8, 2024.  ER-77 – ER-79; ER-3 – ER-20.  Bodenburg filed a notice of appeal on May 24, 2024.  Dist. Ct. Dkt. No. 61.  The standard of review on appeal is *de novo*.

## C.    The District Court's Decision

The district court began its analysis by considering Apple's request for judicial notice and incorporation by reference of public disclosures from Apple's website which identify the cloud storage and additional features provided with an iCloud plan and with each iCloud+ plan.  ER-10 – ER-12.  The district court explained that documents that are "readily accessible to the public and not subject to reasonable dispute" may be judicially noticed.  ER-10.  The district court found that Bodenburg's exhibits to the Amended Complaint are taken from Apple's website, and concluded that a party should not be permitted to "highlight[] only the portion of the publicly available documents that support her claims while omitting the portions of those same documents and other publicly available documents that

4

weaken her claims." ER-11. As a result, the district court properly took judicial notice of these documents and deemed them incorporated by reference into the Amended Complaint. ER-11 – ER-12.

The district court then analyzed the breach-of-contract claim and observed that well-settled principles of contract interpretation require that preference be given to reasonable interpretations of contract language, and that a contract must be interpreted to give meaning to every part in reference to the whole. ER-12 – ER-13. Applying these principles, the district court reasoned that the iCloud Legal Agreement "read together with" the plans and pricing information which Bodenburg submitted as an exhibit to the Amended Complaint "show that in exchange for Plaintiff's monthly payment of $2.99, Plaintiff receives 200GB of cloud storage." ER-13. The district court noted that the iCloud Legal Agreement states that "iCloud+ Subscription plans are available for purchase on a subscription basis" and specifies that these plans provide "*more storage and additional features*." *Id.* (emphasis in original). The district court reasoned that "[w]hen Plaintiff upgraded, she did receive more storage," and concluded that "[a]ll the terms of service in [the iCloud Legal Agreement] when reasonably interpreted and read together with [the plans and pricing information] . . . mean that Plaintiff would receive the amount of GB stated in the plans and pricing for the amount she paid." ER-14. As a result, the district court concluded that it "cannot reasonably infer that Apple breached" the

iCloud Legal Agreement. ER-14. The district court drew an analogy between the iCloud Legal Agreement which refers to a publicly available document listing the plans and pricing information, and a prior case in the same district (*Dinan v. Sandisk LLC,* 2019 WL 2327923 (N.D. Cal. May 31, 2019), *aff'd*, 844 F. App'x 978 (9th Cir. 2021)) where the product packaging for a thumb drive providing electronic storage included information about the amount of storage which was specified in two separate locations which were intended to be read together. ER-14 – ER-16. The district court concluded that here, as in *Dinan*, when the iCloud Legal Agreement is read in conjunction with the plans and pricing information, it is clear how much cloud storage a consumer will receive. *Id*.

The district court determined that the heightened pleading requirements established by Fed. R. Civ. P. 9(b) apply to Bodenburg's consumer protection claims under California's Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750 *et seq.*), California's False Advertising Law ("FAL") (Cal. Bus. & Prof. Code § 17500 *et seq.*), and California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200 *et seq.*) because these claims all sound in fraud. ER-16. As a result, Bodenburg's allegations must be "specific enough to give . . . notice of the particular misconduct which is alleged to constitute the fraud charged." *Id*. The district court reasoned that the Amended Complaint does not contain the requisite level of detail because it "does not state when Plaintiff upgraded to [a] paid cloud

6

storage plan," "when Plaintiff discovered she was no longer receiving the free 5GB of storage that she had been receiving from the default iCloud free plan before she upgraded," or "any facts showing that there are any false statements" in the iCloud Legal Agreement or elsewhere. ER-16 – ER-17. The district court rejected Bodenburg's argument that "the heightened pleading standard does not apply" and "that even if it did apply, the [Amended Complaint], as it is now, meets that standard." ER-17. The district court concluded that "granting leave to amend these claims would be futile." *Id*.

Finally, the district court determined that Bodenburg's allegations fail to state a claim under the CLRA, FAL, or UCL because these claims are all evaluated under the reasonable consumer test, which is an objective standard that "requires courts to ask: 'Would a reasonable consumer have been misled.'" ER-18. Bodenburg claimed that "she was misled to believe she would receive the free 5GB [offered with iCloud] even after upgrading" to iCloud+. *Id*. The district court applied the reasonable consumer test, and concluded that these allegations "are insufficient . . . since they . . . only show Plaintiff's perspective, that is, her subjective beliefs." ER-18. "A reasonable consumer would not think . . . that there is an option to have two plans (a free one and a paid one), or that they will get 5GB of storage on top of the indicated amount of storage in the advertisements." ER-18 – ER-19. The district court determined that "[t]here are insufficient allegations . . . that Apple

misrepresented the amount of cloud storage it would deliver for the prices listed, and that a reasonable consumer would think that they could have two plans, a free 5GB plan and an upgraded plan with more GB." ER-19.

Bodenburg claimed during oral argument that because "there is a '+' sign next to the word 'iCloud' for the upgraded paid plans," a consumer understands this to mean that she will "receive[] the free 'iCloud' plan *plus* something else." ER-19. This flawed assertion was rejected. The district court "[did] not agree that is a reasonable interpretation . . . since the cloud storage plans and pricing information . . . specifically listed the amount of paid GB a consumer will receive upon upgrading and the price for that amount." *Id*. As a result, "[t]he interpretation that a free cloud storage plan providing 5GB would remain in place after upgrading to a paid plan providing more storage is insufficient to meet the reasonable consumer test, since the standard is objective." *Id*.

The district court granted Apple's request for judicial notice and incorporation by reference, and dismissed all claims with prejudice for failure to state a claim. ER-19 – ER-20.

## SUMMARY OF THE ARGUMENT

This lawsuit is based upon a flawed interpretation of Apple's agreement to provide cloud storage. Bodenburg misinterprets the statement that an iCloud user is provided with 5GB of cloud storage for free, and "[a]dditional storage is available

for purchase" if the individual chooses to upgrade to iCloud+. Bodenburg's breach-of-contract claim fails because a consumer who purchases an iCloud+ plan *does* receive "[a]dditional storage" since every iCloud+ plan provides more than 5GB in cloud storage. The district court considered the plain language of the iCloud Legal Agreement and the plans and pricing information referenced therein, and correctly concluded that Bodenburg failed to state a viable claim for breach of contract. Appellant's incorrect description of the district court's analysis, and her misstatement of Apple's arguments below, does not change that result.

Similarly, the district court dismissed Bodenburg's statutory claims under the CLRA, FAL, and UCL because it correctly concluded that reasonable consumers are not likely to believe that the amount of cloud storage they will receive with an iCloud+ plan will be a higher amount than what is listed for the plan. Appellant's idiosyncratic and unusual understanding of the term "[a]dditional storage" is not one that reasonable consumers are likely to share. Bodenburg cannot satisfy the heightened pleading standard for fraud because she is unable to identify any misleading statement that Apple made, and neglects to explain basic facts about her purported misunderstanding about iCloud+ which led to this lawsuit. Because Bodenburg submitted pages from Apple's website with the Amended Complaint, the district court deemed other information on Apple's website about iCloud and

iCloud+ incorporated by reference and found that it could be judicially noticed. The district court's dismissal of all claims with prejudice was legally correct.

## ARGUMENT

The district court determined that Bodenburg cannot sue Apple for breach of contract for providing the exact amount of cloud storage that is specified in the name of the plan she purchased. The district court similarly concluded that a reasonable consumer would not believe that the "iCloud+ with 200GB storage" plan provides 205GB of cloud storage, and such a misunderstanding is implausible because publicly available disclosures, which were cited in Bodenburg's own complaint (ER-109 – ER-110, ¶¶ 25-26), clearly describe the amount of cloud storage and additional features provided with each iCloud+ plan in comparison to iCloud. In an attempt to unsettle these straightforward legal conclusions, Appellant repeatedly misstates the reasoning of the district court, and misrepresents the arguments made below. There is no basis for reaching any other conclusion than the district court did when it dismissed all claims with prejudice. Accordingly, this Court should affirm.

## I. THE DISTRICT COURT CORRECTLY HELD THAT BODENBURG CANNOT STATE A CLAIM FOR BREACH OF CONTRACT

Bodenburg cannot state a claim for breach of the iCloud Legal Agreement based upon the statement that "[a]dditional storage is available for purchase." ER-126, § I.C. This statement is indisputably true. Every paid iCloud+ plan provides more cloud storage than the 5GB provided for free with iCloud. The iCloud

10

Legal Agreement references the plans and pricing information which describes the following paid plans: "iCloud+ with 50GB storage," "iCloud+ with 200GB storage," and "iCloud+ with 2TB storage."  ER-144 – ER-153.  Each of these iCloud+ plans provides a subscriber with exactly the amount of cloud storage specified in the plan's title.

Bodenburg's flawed interpretation of the phrase "[a]dditional storage" was considered and correctly rejected by the district court, which concluded that this unambiguous language means "more storage."  ER-14.  Appellant faults the district court for relying on extrinsic information to interpret the iCloud Legal Agreement in violation of the parol evidence rule, but the district court did no such thing.  The opinion below only considered the iCloud Legal Agreement and the plans and pricing information which Bodenburg submitted with the Amended Complaint.  The parties and the district court agree that the relevant language in the iCloud Legal Agreement is unambiguous, and Appellant's arguments about the appropriate analysis if the contract were to be deemed ambiguous are misplaced.  Finally, the district court's analogy between Apple's clear description of the amount of cloud storage provided with each iCloud+ plan and the accurate disclosures made in another case about electronic storage illustrate the fundamental error in Appellant's legal theory.

### A.  The District Court Correctly Interpreted The iCloud Legal Agreement

Appellant acknowledges in her opening brief that the "sole question" in interpreting the iCloud Legal Agreement is the meaning of the following language:

> "Your Account is allocated 5GB of storage capacity as described in the iCloud feature pages.  Additional storage is available for purchase, as described below."  Opening Brief at 24 (quoting ER-126, § I.C).

Bodenburg argues that the statement that "[a]dditional storage is available for purchase" means that the cloud storage provided with an iCloud+ plan will be in addition to the 5GB that a consumer previously had with an unpaid iCloud plan.  But no dictionary supports this flawed interpretation of "[a]dditional storage" which means "more storage."  ER-14.  The breach-of-contract claim fails because a "reasonable interpretation[]" of the iCloud Legal Agreement makes clear that Apple did not breach any term.  *See JPaulJones L.P. v. Zurich Ins. Co., (China) Ltd.*, 2022 WL 1135424, at *1 (9th Cir. Apr. 18, 2022) (internal quotation marks and citation omitted); *see also* Cal. Civ. Code § 1644 ("The words of a contract are to be interpreted in their ordinary and popular sense.").

The Oxford English Dictionary defines "additional" to mean "in addition to something else; added, extra, supplementary," which is exactly what Apple provided.  Bodenburg provides no explanation for how this definition would lead a consumer to believe that the cloud storage provided with an iCloud+ subscription plan would be 5GB more than the amount listed for the plan.  Opening Brief at 27-28.  Moreover,

the amount of cloud storage provided for a given iCloud+ plan cannot be reasonably misunderstood because each plan is titled "iCloud+ with" the amount of storage that will be provided (ER-144 – ER-153), and the word "with" means "in possession of" or "having." MERRIAM-WEBSTER DICTIONARY, *available at* https://www.merriam-webster.com/dictionary/with; *see also* COLLINS DICTIONARY (defining "with" to mean "possessing; having"); *available at* https://www.collinsdictionary.com/us/dictionary/english/with.

Appellant pivots to consider the way that other courts have interpreted the meaning of "additional" in inapposite circumstances. In *Zucchella v. Olympusat, Inc.*, 2021 WL 8317026 (C.D. Cal. Oct. 5, 2021), the court observed in the context of a discovery dispute that the term "additional data" means "data/information that was separate from, or in addition to, the documents that plaintiff had already produced." *Id.* at *2. This statement is inapplicable here because "additional data" in the context of discovery means more unique information which is non-fungible, and by contrast gigabytes of cloud storage are inherently fungible. Additional information to be obtained in discovery is unique, but this case is about the space that is used to store information, which is not. Appellant notes that another court considered the definition of the word "additional" and compared it with the meaning of the word "supplant." However, Appellant fails to provide a cogent explanation for how either of these dictionary definitions would lead to the interpretation of

"[a]dditional storage" that she urges. Opening Brief at 28-29. A fundamental problem for Bodenburg is that the iCloud Legal Agreement plainly states that iCloud+ provides "more storage," *see* ER-131, § III.A, and, try as she might, she is unable to credibly explain how any consumer would read this and understand this phrase to mean anything other than "[a]dditional storage." *See generally* Opening Brief.

## B. The District Court Did Not Violate The Parol Evidence Rule

Although the district court only considered the iCloud Legal Agreement and the plans and pricing information in analyzing the breach-of-contract claim, Appellant mistakenly claims that the court violated the parol evidence rule by considering "extraneous Apple website ads that Apple urged it to consider." Opening Brief at 31-32. This argument is disingenuous since the district court only reviewed the language in the iCloud Legal Agreement and the plans and pricing information which Bodenburg submitted with the Amended Complaint in analyzing the breach-of-contract claim. ER-12 – ER-16. And it is untrue that Apple "urged" any purported mistake in this regard because, to the contrary, Apple has consistently argued that the breach-of-contract claim should be dismissed based on the plain language of the iCloud Legal Agreement and the plans and

pricing information alone.  *See supra* Section I.A; ER-66 – ER-69; ER-94 – ER-95.[1]

Appellant observes that the district court stated in a footnote that the parol evidence rule does not exclude "evidence of precontract representations" that pertain to alleged fraud or illegality.  Opening Brief at 33 (quoting ER-8 n.4); *see also* Cal. Civ. Proc. Code § 1856(g) (the parol evidence rule "does not exclude other evidence of the circumstances under which [an] agreement was made or to which it relates . . . to establish illegality or fraud").  This exception is likely applicable because Bodenburg alleges that Apple committed fraud by failing to inform consumers in its "advertising, or elsewhere" that they would not receive an additional 5GB of cloud storage on top of the amount listed in their iCloud+ plan.  ER-111 ¶ 29; *see also* ER-118 – ER-122, ¶¶ 52-71.  However, because the district court did not consider any extrinsic evidence in its decision, and thus did not have occasion to determine whether the parol evidence rule permitted its consideration,

---

[1] The fact that Apple's counsel mentioned certain public disclosures about iCloud+ during oral argument is beside the point and does not change this result.  Opening Brief at 30 (quoting ER-30:10-24).  The district court did not consider extrinsic evidence in analyzing the breach-of-contract claim, and there is no basis for this Court to do so.  *See DeFries v. Union Pac. R.R. Co*., 104 F.4th 1091, 1109 (9th Cir. 2024) (this Court does not generally decide factual issues that the district court did not decide); *see also Jackson v. S. Cal. Gas Co*., 881 F.2d 638, 642 n.4 (9th Cir. 1989) (the "proper inquiry" is to consider the evidence that the district court actually relied upon).

this Court need not determine whether the fraud exception applies. *DeFries*, 104 F.4th at 1109. The dismissal of the breach-of-contract claim should be affirmed based upon the plain language of the iCloud Legal Agreement and the plans and pricing information that the district court relied upon.

**C.     The Law For Interpreting An Ambiguous Contract Is Inapplicable, But In Any Event The Extrinsic Evidence Supports Apple**

Next, Appellant argues that if the iCloud Legal Agreement is deemed to be ambiguous, then its terms should be construed against Apple as the drafter of the contract. This argument fails for two reasons. First, no party has argued that the iCloud Legal Agreement is ambiguous: Bodenburg and Apple agree that it is an unambiguous fully integrated contract. *See* Opening Brief at 32-39; *see supra* at 14-15; SER-9 – SER-22; ER-66 – ER-69. Second, the rule of construing ambiguities in a contract against the drafter applies "[o]nly in those instances where the extrinsic evidence is either lacking or is insufficient to resolve what the parties intended the terms of the contract to mean." *See Oakland-Alameda Cnty. Coliseum Auth. v. Golden State Warriors, LLC*, 53 Cal. App. 5th 807, 823 (2020). Here, Apple's public disclosures, including those cited by Appellant, comparing the amount of cloud storage provided with iCloud and iCloud+ subscription plans make clear that an iCloud+ subscriber receives exactly the amount of cloud storage listed in the plan's title. *See* ER-144 – ER-153; SER-33 – SER-40. These disclosures specify the amount of cloud storage and additional features provided with iCloud side-by-side

with the amount of cloud storage and additional features provided with each iCloud+ plan. There is no reason to consider anything other than the plain language of the iCloud Legal Agreement and the plans and pricing information submitted with the Amended Complaint. Nevertheless, to the extent this extrinsic evidence is considered, it still does not lead to a different conclusion.

### D. The District Court's Analogy To Another Case Involving Electronic Storage Is Not Error

Finally, the district court drew a comparison between the facts in this case and those in another breach-of-contract case involving electronic storage. In *Dinan v. Sandisk LLC*, 2019 WL 2327923 (N.D. Cal. May 31, 2019), *aff'd*, 844 F. App'x 978 (9th Cir. 2021), the plaintiff sued for breach of contract alleging that a USB flash drive manufacturer misled consumers and did not provide "64GB" of storage because a purchaser would understand this term to mean 64 *binary* GBs of storage (with 1,073,741,824 bytes in each GB) as opposed to 64 *decimal* GBs (with 1,000,000,000 bytes in each GB). *Id*. at *1. The *Dinan* court concluded that there was no breach of contract because the product packaging stated that "1 GB = 1,000,000,000 bytes." *Id*. at *8. In *Dinan*, the answer to the question of how much electronic storage a consumer would receive was provided "in another location on the USB flash drive packaging, as shown by the asterisk next to '64GB'," and the district court observed that "[i]n this case, the question [of] . .. whether the . . . free 5GB of cloud storage [is included] after an upgrade to a paid plan . . . is answered in

the plans and pricing information, as shown through the link" in the iCloud Legal Agreement. ER-15. As the district court reasoned, "[i]n both cases, the plaintiffs purchased electronic storage," and "[i]n both cases, there were signals alerting the plaintiffs to look elsewhere for information regarding exactly how much storage is provided to them in exchange for their payment," and in each case that information made clear how much storage would be provided. ER-15 – ER-16.

Appellant claims that the district court erred in relying upon *Dinan*. This assertion lacks merit and should be rejected. First, Appellant argues that it is significant that *Dinan* did not "involve an integrated final contractual writing" because that "is the whole crux of this contractual dispute." Opening Brief at 40. As Apple has explained, there is actually no dispute in this case regarding whether the iCloud Legal Agreement is an integrated final contract (the parties agree that it is). Moreover, Appellee has not argued that extrinsic evidence should be used to interpret the agreement, and the district court did not rely on any extrinsic evidence in interpreting it. *See supra* Section I.B. Second, Appellant faults the district court for relying on *Dinan* because in affirming the dismissal of the breach-of-contract claim, this Court concluded that the complaint "[did] not make allegations sufficient to establish that Plaintiffs and SanDisk entered into a contract." *Dinan*, 844 F. App'x at 980. This is, however, not a basis for distinguishing *Dinan* because the court also found that the "packaging defined GB 'as one billion bytes,'" and as a result there

18

was no "agreement to provide additional storage." *Id.* In *Dinan* there was no breach of contract because, as is the case here, a consumer received exactly the amount of storage that was promised. As a result, there is no basis for distinguishing *Dinan* as inapposite or faulting the district court for drawing an analogy with its facts.

## II. THE CLRA, FAL, AND UCL CLAIMS WERE CORRECTLY DISMISSED

Bodenburg's claims under the CLRA, FAL, and the UCL similarly fail and were appropriately dismissed because reasonable consumers understand "[a]dditional storage" to mean more storage, and it is undisputed that every iCloud+ plan provides more GBs of storage than the 5GB that is provided for free with iCloud. Appellant cannot point to any other statement that is purportedly false, and otherwise fails to provide the level of detail that is necessary to plead fraud. Finally, because Bodenburg submitted the iCloud Legal Agreement and the plans and pricing information from Apple's website with the Amended Complaint, the district court rightly took notice of other information about iCloud and iCloud+ on Apple's website which was incorporated by reference and could be judicially noticed. For all of these reasons, Bodenburg's statutory claims under the CLRA, FAL, and UCL were properly dismissed with prejudice.

### A. Reasonable Consumers Would Not Expect To Receive More Cloud Storage Than The Amount Listed For A Plan

The claims under the CLRA, FAL, and the "fraudulent" prong of the UCL are all analyzed under the "reasonable consumer" test which considers whether advertising is "either actually misleading or . . . [if it has] a capacity, likelihood or tendency to deceive or confuse the public." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).[2] The "reasonable consumer" standard requires that for a claim to be actionable there must be "a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Becerra v. Dr Pepper/Seven Up, Inc*., 945 F.3d 1225, 1228-29 (9th Cir. 2019). A consumer cannot state a claim under the CLRA, FAL, or UCL based on "unreasonable assumptions," *see Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021), and it is not enough that some consumers might or could be misled: it must be the case that "members of the public are *likely* to be deceived." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (emphasis added).

Bodenburg's claims fail because it is unlikely that anyone would be misled by Apple's public disclosures about iCloud+, and certainly not a significant portion of

---

[2] Appellant's opening brief does not address her claims under the "unlawful" and "unfair" prongs of the UCL, and as a result she has abandoned those claims. *See, e.g., Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008). To the extent those claims are somehow considered, they should be dismissed for the same reasons Apple argued below. ER-93 – ER-94.

reasonable consumers. Apple's statements about iCloud+ are factually true and could only be misunderstood due to an unreasonable or idiosyncratic interpretation of their plain language. A reasonable consumer would not believe that "iCloud+ with 50GB storage," or "iCloud+ with 200GB storage," or "iCloud+ with 2TB storage" means anything other than that a consumer will receive the listed amount of storage with a given subscription plan. ER-144. Similarly, a reasonable consumer would not think that the statement "50GB: $.99," "200GB: $2.99," or "2TB: $9.99" means that a subscriber for any of these subscription plans receives more than the listed amount of storage. ER-145. Finally, a reasonable consumer reviewing the chart on Apple's website comparing iCloud and iCloud+ subscription plans could not be reasonably confused about the storage that they will receive with an iCloud+ plan. SER-33 – SER-40.

This Court's recent decision in *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771 (9th Cir. 2024) is not to the contrary. Opening Brief at 47-49. *Whiteside* addressed a specific subset of "reasonable consumer" case law which applies to front label/back label package disclosures where the front label of a product's packaging contains a conspicuous and potentially deceptive statement, but there is a "disclaimer or a fine-print ingredients list" placed on the back label. *Whiteside*, 108 F.4th at 778-79. This body of case law is not directly relevant since this lawsuit does not involve product labeling, and the counter-intuitive claim here is instead that the fine-

21

print reference to "[a]dditional storage" in the iCloud Legal Agreement is misleading despite the straightforward plans and pricing information which clearly describes how much cloud storage will be provided with each iCloud+ plan. As a result, while this Court's decision in *Whiteside* clarifies the law as it applies to front label/back label disclosures, it changes nothing here.

## B. Fed. R. Civ. P. 9(b) Applies To The Amended Complaint, And Bodenburg Fails To State A Claim

In addition, the district court determined that Bodenburg cannot state a fraud claim under the CLRA, FAL, or UCL because she cannot identify any false statement by Apple, and she has not provided other information that is required by Fed. R. Civ. P. 9(b). To plead a fraud claim, a plaintiff must state with particularity the misconduct alleged including "the who, what, when, where, and how" of what happened. *Beccera*, 945 F.3d at 1228; *see also In re iPhone 4s Consumer Litig.*, 637 F. App'x 414, 415 (9th Cir. 2016) (affirming dismissal of CLRA, UCL, and FAL claims for failure to satisfy Rule 9(b)). Where, as here, the alleged fraud pertains to a misstatement, a plaintiff "must set forth what is false or misleading about a statement, and why it is false." *Beccera*, 945 F.3d at 1228. The heightened pleading requirement for claims sounding in fraud is necessary "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

The district court correctly held that Bodenburg failed to plead basic facts about her claims, including "when [she] upgraded to the paid cloud storage plan" and "when [she] discovered she was no longer receiving the free 5GB of storage that she had been receiving from the default iCloud free plan before she upgraded." ER-16 – ER-17. Appellant counters that she did plead "what service she bought from Apple and at what price (the middle tier iCloud+ plan for $2.99[)]." Opening Brief at 51. But the heightened pleading requirement for fraud requires that a plaintiff plead *all* of the relevant facts with particularity, not just "the neutral facts necessary to identify the transaction." *Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir. 1997).

More fundamentally, the district court determined that Bodenburg's pleading was deficient because she cannot identify any false statement by Apple. The iCloud Legal Agreement states that "[a]dditional storage is available for purchase" (ER-126, § I.C), and Appellant contends that she identified why this statement was false: "because Apple shortchanged her by 5 GB in not providing the iCloud+ storage" in addition to "the iCloud storage Bodenburg already had for free." Opening Brief at 51. But the district court rejected this argument because the amount of cloud storage Bodenburg received with her iCloud+ plan "*is more storage* than the free 5GB of storage that Plaintiff had been receiving by default through her free plan." ER-17 (emphasis in original). As a result, it is undeniably accurate that an iCloud+ plan provides "[a]dditional storage" in comparison to the 5GB provided with iCloud. *Id.*

23

**C.** **The Court Correctly Took Judicial Notice Of Public Documents From Apple's Website Comparing iCloud And iCloud+ Plans, And Determined They Were Incorporated by Reference**

Finally, the district court rightly determined that other pages from Apple's website describing iCloud and iCloud+ plans (SER-36, SER-38, SER-40) were incorporated by reference into the Amended Complaint, and could be judicially noticed. ER-10 – ER-12. These documents were incorporated by reference because Bodenburg submitted the iCloud Legal Agreement and the plans and pricing information, which are taken from Apple's website, with her Amended Complaint and the law is well-settled that a party may not "select[] only portions of documents that support [her] claims, while omitting portions of those very documents that weaken, or doom, [her] claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).[3] Under *Khoja*, documents may be incorporated by reference "at the pleading stage" even when a complaint has "not reference[d] [them] at all" to provide the context to evaluate the sufficiency of a claim. *Id*. Appellant's suggestion that Apple requested that these documents be deemed incorporated by reference in order to "support a . . . defense" or to "insert [its] own version of events into the complaint" is inaccurate. Opening Brief at 36-37. Because Bodenburg

---

[3] Notably, the plans and pricing information is only one of many pages from Apple's website that is referenced in the iCloud Legal Agreement. *See* ER-128, §§ II.C, II.E; ER-130, § II.L; ER-131, §§ II.O, III.A; ER-133, § IV.D; ER-135, § V.F; ER-136, § V.H.3; ER-137, § VII.A; ER-141, § X.E.

submitted the iCloud Legal Agreement and the plans and pricing information with her Amended Complaint, and because these documents were taken from Apple's website and presented as evidence of the company's public disclosures about the cloud storage provided with iCloud+, Apple was permitted to ask the Court to consider other pages from Apple's website describing iCloud and iCloud+. *Khoja*, 899 F.3d at 1002.[4]

In any event, even if the incorporation-by-reference doctrine were somehow found to be inapplicable here, the district court's reliance on information available from Apple's publicly accessible website was appropriate. A court may take judicial notice of any fact that is "not subject to reasonable dispute" because it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts routinely take judicial notice of information from publicly available websites. *E.g.*, *Hammerling v. Google LLC*, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022); *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 895-96 (N.D. Cal. 2022); *Diep v. Apple, Inc.*, 2022 WL 4021776, at *2-3 (N.D. Cal. Sept. 2, 2022). Bodenburg has not contested the authenticity of the information or claimed that it was not on Apple's website. As a result, Appellant is wrong that the Court erred in taking judicial notice of the pages

---

[4] Bodenburg also submitted an excerpt from the website of a non-party to this action with the Amended Complaint. ER-156 – ER-157.

Apple submitted from its website about iCloud and iCloud+ plans and deeming them incorporated by reference into the Amended Complaint.  Opening Brief at 34-39, 49-50.[5]

## CONCLUSION

For the foregoing reasons, this Court should affirm the district court's dismissal of the Amended Complaint under Fed. R. Civ. P. 12(b)(6).


Dated:   October 21, 2024                O'MELVENY & MYERS LLP

By:  */s/ Matthew D. Powers*
      Matthew D. Powers

*Counsel for Defendant-Appellee*
*Apple Inc.*

---

[5] Appellant spends nearly two pages discussing *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771 (9th Cir. 2024), in support of this argument (Opening Brief at 49-50) even though *Whiteside* did not address a request for judicial notice or incorporation by reference.

## CERTIFICATE OF COMPLIANCE

I, Matthew D. Powers, am an attorney representing Defendant-Appellee Apple Inc.  Pursuant to Rule 5 and Rule 32 of the Federal Rules of Appellate Procedure, I certify that this brief's type size and typeface comply with Fed. R. App. P. 5 & 32(a)(5)-(6).  Excluding the parts exempted by Fed. R. App. P. 32(f), this brief contains 6,147 words.  I certify that this brief complies with the length limit of Ninth Cir. R. 32-1.

Dated:　　　October 21, 2024　　　O'MELVENY & MYERS LLP

By: */s/ Matthew D. Powers*
　　Matthew D. Powers

*Counsel for Defendant-Appellee Apple Inc.*