**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| LISA BODENBURG, on Behalf of Herself and All Others Similarly Situated, *Plaintiff - Appellant*, v. APPLE INC., *Defendant - Appellee*. | No. 24-3335 D.C. No. 3:23-cv-04409-TLT OPINION |

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Argued and Submitted June 11, 2025
San Francisco, California

Filed July 23, 2025

Before: MILAN D. SMITH, JR. and N. RANDY SMITH, Circuit Judges, and DOUGLAS L. RAYES, District Judge.[*]

Opinion by Judge Milan D. Smith, Jr.

---

[*] The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

## SUMMARY[**]

### California Law / Consumer Protection

The panel affirmed the district court's dismissal of a putative class action against Apple Inc., alleging breach of contract and violations of California's consumer protection laws based on Apple's allegedly deceptive representations about its iCloud data storage plans.

Plaintiff-Appellant Lisa Bodenburg purchased a 200 GB data storage plan with the expectation that it would build upon the 5 GB of storage that all customers receive for free. When she learned the plan only provided 200 GB of storage in total, she brought this action.

The panel held that Bodenburg could not state a claim for breach of contract because she could not allege a cognizable contractual breach. The iCloud Legal Agreement expressly obligated Apple to provide additional storage, but it did not expressly provide Apple to provide an "additional 200 GB of storage." That Bodenburg subjectively believed that additional storage meant 205 GB did not alter the contract's clear language.

To survive dismissal, Bodenburg's claims under California consumer protection laws must pass the "reasonable consumer" test under California case law, and the heightened pleading standard set forth in Fed. R. Civ. P. 9(b). The panel held that Bodenburg could not plausibly prove that a reasonable consumer would be deceived by

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Apple's statements. Because Apple's statements were neither ambiguous nor misleading when considered in context, a reasonable consumer reviewing Apple's statements would not plausibly share Bodenburg's expectation of additional storage. Thus, Bodenburg could not state a plausible claim under California's consumer protection laws. For the same reasons that Bodenburg's claims did not satisfy the reasonable consumer test, they also did not satisfy Rule 9(b)'s heightened pleading requirements.

## COUNSEL

Roy A. Katriel (argued), The Katriel Law Firm, Del Mar, California; Ian D. Krupar and Ralph B. Kalfayan, Kalfayan Law Firm APC, Del Mar, California; for Plaintiff-Appellant.

Matthew D. Powers (argued), O'Melveny & Myers LLP, San Francisco, California; Jeffrey E. Gordon, O'Melveny & Myers LLP, Washington, D.C.; Michael M. Klotz, O'Melveny & Myers LLP, New York, New York; for Defendant-Appellee.

## OPINION

M. SMITH, Circuit Judge:

Defendant-Appellee Apple Inc. (Apple) offers customers the ability to upload digital data from their devices onto a cloud-based server called iCloud. Upon initially signing up for iCloud, all customers receive 5 GB of storage for free. Customers seeking additional storage can then pay a fee to upgrade to iCloud+, Apple's suite of premium storage plans respectively offering 50 GB, 200 GB, or 2 TB of storage. Plaintiff-Appellant Lisa Bodenburg (Bodenburg), an Apple customer, purchased the 200 GB plan with the expectation that it would build upon the 5 GB of free storage that she already received. When she learned that the plan only provided 200 GB of storage in total, she brought a putative class action suit against Apple, alleging breach of contract and violations of California's consumer protection laws based on Apple's allegedly deceptive representations about its plans.

The district court dismissed Bodenburg's action with prejudice, finding that none of her claims was plausible. We agree. Bodenburg cannot state a claim for breach of contract because Apple fully complied with its applicable contractual obligations. Similarly, Bodenburg cannot state a claim under California's consumer protection laws because Apple's representations would not be deceptive to a reasonable consumer. Because Bodenburg cannot state a claim upon which relief may be granted, we affirm the dismissal of her action.

**FACTUAL AND PROCEDURAL BACKGROUND**

Apple is a technology company that sells consumer electronic devices like the iPhone and iPad. Apple also sells various services to be used in connection with its devices, including the iCloud service, which allows users to store digital data from their devices onto a cloud-based server. Upon signing up for iCloud, all customers automatically receive 5 GB of iCloud storage for free. Customers may then elect to upgrade to iCloud+, Apple's "premium cloud subscription," which provides "[a]dditional" iCloud storage for a monthly fee. At all times relevant to this action, Apple offered three iCloud+ plans: the "iCloud+ with 50GB storage plan," at a cost of $0.99 per month; the "iCloud+ with 200GB storage" plan, at a cost of $2.99 per month; and the "iCloud+ with 2TB storage" plan, at a cost of $10.99 per month. These plans come with deluxe features, such as access to a custom email domain and the ability to share storage with other users.

The details of the iCloud and iCloud+ plans are exclusively governed by the iCloud Legal Agreement (the Agreement). It states: "Your Account is allocated 5GB of storage capacity as described in the iCloud feature pages. Additional storage is available for purchase, as described below." In a subsequent section, the Agreement states: "By you upgrading to the iCloud+ Subscription service for more storage and additional features, Apple will automatically charge on a recurring basis the fee for the plan you choose." The Agreement then states: "For details about plans and pricing, please visit https://support.apple.com/en-us/HT201238." This link, which directs customers to a public page on Apple's website, provides an overview of

each of the iCloud+ plans along with country-by-country information about their respective prices.[1]

Bodenburg is an Apple customer who signed up for iCloud to pair with her Apple devices. Seeking more storage, Bodenburg reviewed the terms of the Agreement and elected to purchase the middle-tier iCloud+ plan, which provides 200 GB of cloud storage at a cost of $2.99 per month. Based on her review of the Agreement, Bodenburg expected that the plan would provide her with 200 GB of cloud storage in addition to the 5 GB of storage that she already received from Apple for free. However, after purchasing the iCloud+ plan, Bodenburg found that her total iCloud storage was only 200 GB, not 205 GB. She alleges that Apple violated the terms of the Agreement and wrongly overcharged her by failing to provide the further 5 GB of storage that she was owed.

In August 2023, Bodenburg brought a putative class action against Apple based on this theory. The operative First Amended Complaint (FAC) asserts claims for breach of contract and violations of California's Unfair Competition Law (UCL), Consumer Legal Remedies Act (CLRA), and False Advertising Law (FAL). Bodenburg sought to bring these claims on behalf of herself and a class consisting of all "other similarly situated subscribers within the United States who during the Class Periods paid for an Apple iCloud subscription." As relief for Apple's alleged contractual and statutory violations, Bodenburg sought compensatory damages and restitution, along with declaratory, injunctive, and equitable relief.

---

[1] The Agreement includes a choice-of-law provision expressly designating the application of California law.

Apple moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The district court granted the motion. It found that Bodenburg had not stated a claim for breach of contract because Apple had fulfilled its contractual obligation to provide Bodenburg with "additional storage." The district court further found that Bodenburg had not stated claims under the UCL, CLRA, or FAL because her claims did not satisfy the operative "reasonable consumer" test or the heightened pleading standard set forth in Fed. R. Civ. P. 9(b). Because it concluded that there were no facts that Bodenburg could plead to remedy these deficiencies, the district court dismissed without leave to amend. Bodenburg timely appeals.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291. *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980). "[D]ismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (emphasis omitted). "To determine whether dismissal under Rule 12(b)(6) was appropriate, we accept as true Plaintiff['s] nonconclusory factual allegations, construe all reasonable inference[s] in favor of Plaintiff[], and ask whether the facts are sufficient to state a claim to relief that is plausible on its face." *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

The sole question we must resolve on appeal is whether Bodenburg has stated a plausible claim upon which relief may be granted. Bodenburg asserts that her breach of

contract claim is plausible because Apple violated the terms of its contract with customers by providing less cloud storage than promised. Bodenburg further asserts that her remaining claims, for violations of the UCL, CLRA, and FAL, are plausible because Apple's representations about its iCloud+ storage plans were fraudulent and deceptive. For the following reasons, we conclude that Bodenburg cannot state a claim for relief under either theory.

### I. Bodenburg Cannot State a Claim for Breach of Contract.

Bodenburg's breach of contract claim is premised on her assertion that Apple, through the Agreement, promises to provide iCloud+ subscribers with "[a]dditional storage" that is incremental to the 5 GB of free storage that all customers automatically receive. Bodenburg thus argues that, upon purchasing an iCloud+ plan providing 200 GB of storage, she was entitled to a total of 205 GB of storage. Bodenburg contends that Apple breached the terms of the Agreement by tendering only 200 GB of storage—5 GB short of the total storage that she was owed.

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). To allege breach, "a plaintiff must identify a specific contract provision breached by the defendant." *Satvati v. Allstate Northbrook Indem. Co.*, 634 F. Supp. 3d 792, 797 (C.D. Cal. 2022); *see also Murphy v. Hartford Accident & Indem. Co.*, 177 Cal. App. 2d 539, 543 (1960). In interpreting contractual provisions, "California recognizes the objective theory of contracts under which '[i]t is the objective intent,

(9 of 16), Page 9 of 16           Case: 24-3365, 07/23/2025, DktEntry: 38.1, Page 9 of 16

BODENBURG V. APPLE INC.                9

as evidenced by the words of the contract, rather than the subjective intent of one of the parties, that controls interpretation.'" *Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc.*, 109 Cal. App. 4th 944, 956 (2003) (alteration in original) (citation omitted) (quoting *Titan Grp., Inc. v. Sonoma Valley Cnty. Sanitation Dist.*, 164 Cal. App. 3d 1122, 1127 (1985)).

Bodenburg cannot state a claim for breach of contract because she cannot allege a cognizable contractual breach. As she concedes, her legal theory is premised on a single sentence in the Agreement: the statement that all accounts are "allocated 5GB of storage capacity" for free and that users may purchase "[a]dditional storage" by upgrading to one of the three iCloud+ storage plans. Interpreted objectively, this language obligates Apple to provide iCloud+ subscribers with "incremental" or "supplemental" storage in addition to the amount that all accounts are already given. *See Additional*, Oxford English Dictionary, https://www.oed.com/dictionary/additional_adj (last visited July 10, 2025). But, as the district court correctly reasoned, Apple fully complied with this obligation because, "[w]hen [Bodenburg] upgraded, she did receive more storage." Specifically, when Bodenburg upgraded to Apple's "iCloud+ with 200GB storage" plan, she received 200 GB of storage—195 GB more than the 5 GB that she previously had. In this way, Bodenburg received exactly what Apple promised her.

Bodenburg protests that although she may have received "additional" storage, what Apple truly promised was an "additional 200 GB of storage," such that her storage plan should have resulted in 205 GB of storage in total. But Bodenburg's argument again founders on the actual language of the contract under which she sues. The

Agreement expressly obligated Apple to provide "[a]dditional storage," but it did not expressly obligate Apple to provide an "additional 200 GB of storage." That Bodenburg subjectively believed that "[a]dditional storage" meant 205 GB does not alter the contract's clear language. *See Founding Members of the Newport Beach Country Club*, 109 Cal. App. 4th at 956. Thus, because Bodenburg cannot point to any provision of the Agreement that "express[es] the obligation sued upon," her breach of contract claim fails. *Murphy*, 177 Cal. App. 2d at 543.

## II. Bodenburg Cannot State a Claim under the UCL, CLRA, or FAL.

Bodenburg brings her second group of claims under the UCL, CLRA, and FAL, a collection of California consumer protection laws that "prohibit unlawful, unfair, or fraudulent business practices." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016). To survive dismissal, each claim must pass two tests: (1) the "reasonable consumer" test set forth in California case law, and (2) the heightened pleading standard set forth in Fed. R. Civ. P. 9(b). *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 & n.2 (9th Cir. 2018); *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1018–19, 1019 n.11 (9th Cir. 2020). We conclude, like the district court, that Bodenburg's claims pass neither test.[2]

---

[2] In connection with these claims, the district court granted Apple's motion for judicial notice of a set of documents not contained in the pleadings—to wit, screenshots of three successive iterations of the Apple webpage dispensing information and pricing details for its iCloud+ plans. Judicial notice of these documents was proper because their accuracy was not disputed, and the documents were relevant to Bodenburg's claims. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–99 (9th Cir. 2018); Fed. R. Evid. 201(b); *see, e.g.*, *Stewart v.*

### a. Reasonable Consumer Test

"[C]laims under the California consumer-protection statutes are governed by the 'reasonable consumer' test." *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). Under this standard, plaintiffs must "show that 'members of the public are likely to be deceived'" by the defendant's business practices. *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (quoting *Bank of the W. v. Super. Ct.*, 2 Cal. 4th 1254, 1267 (1992)). "This requires more than a mere possibility that [the defendant's representations] 'might conceivably be misunderstood by some few consumers viewing [them] in an unreasonable manner.'" *Ebner*, 838 F.3d at 965 (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). "Rather, the reasonable consumer standard requires a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Id.* (quoting *Lavie*, 105 Cal. App. 4th at 508); *see also Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021).

"[W]hether a business practice is deceptive will usually be a question of fact not appropriate for decision [at the pleadings stage]." *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 778 (9th Cir. 2024) (second alteration in original) (quoting *Williams*, 552 F.3d at 938–39); *see also Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012); *see, e.g.*, *Linear Tech. Corp. v. Applied Materials, Inc.*, 152

*Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1120 (S.D. Cal. 2021); *Von Koenig v. Snapple Beverage Corp.*, 713 F. Supp. 2d 1066, 1072–73 (E.D. Cal. 2010); *Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1062–63 (S.D. Cal. 2019).

Cal. App. 4th 115, 134–35 (2007). Thus, although "dismissals of UCL, FAL, and CLRA claims at the pleadings stage have 'occasionally been upheld,' . . . such cases are 'rare.'" *Whiteside*, 108 F.4th at 778 (quoting *Williams*, 552 F.3d at 939). Dismissal is appropriate only if the plaintiff "could [not] plausibly prove that a reasonable consumer would be deceived." *Williams*, 552 F.3d at 940.

Bodenburg cannot plausibly prove that a reasonable consumer would be deceived by Apple's statements. As before, Bodenburg's claims focus on Apple's descriptions of iCloud+ storage, including the promise that subscribers will receive "[a]dditional storage" beyond the 5 GB of free storage with which all users begin. Upon reviewing these descriptions, some consumers might conceivably share Bodenburg's expectation that purchasing a 200 GB plan would result in a total of 205 GB of storage. However, this expectation is not reasonable as a matter of law because it derives only from the potential ambiguity in Apple's statements and lacks support in any express representation by Apple. To survive dismissal, Bodenburg must show something more: that Apple's statements would be "unambiguously deceptive to an ordinary consumer." *Whiteside*, 108 F.4th at 780; *see also Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 476 (7th Cir. 2020).

Further, to the extent that some of Apple's representations are ambiguous, their ambiguity is dispelled by the specific descriptions of the iCloud+ plans that Apple provides in the Agreement. These descriptions contextualize Apple's promise of "[a]dditional storage" by making clear that each iCloud+ plan will result in a user receiving a total of 50 GB, 200 GB, or 2 TB of storage, depending on the plan chosen. *See McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023). In light of this clarification, it is

simply not plausible that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled" by Apple's statements in the way Bodenburg alleges. *Ebner*, 838 F.3d at 966 (quoting *Lavie*, 105 Cal. App. 4th at 508). As a result, dismissal of Bodenburg's claims at the pleadings stage was proper. *See Davis*, 691 F.3d at 1162; *Whiteside*, 108 F.4th at 778.

We have "previously affirmed dismissal of claims based on similar unreasonable assumptions." *Becerra*, 945 F.3d at 1229–30. For example, in *Ebner*, the plaintiff claimed that the net-weight statement on a lip balm label was deceptive because the design of the dispenser left 25% of the product inaccessible. 838 F.3d at 961. We reasoned that, "[a]part from the accurate weight label, there [we]re no other words, pictures, or diagrams adorning the packaging . . . from which *any* inference could be drawn or on which *any* reasonable belief could be based about how much of the total lip product c[ould] be accessed[.]" *Id.* at 966. We further concluded that, "even if *some* consumers" would make assumptions about the amount of product that was available, "the packaging was not deceptive just because some consumers could unreasonably misunderstand the product." *Becerra*, 945 F.3d at 1230 (citing *Ebner*, 838 F.3d at 966). In *Becerra*, we employed a similar logic in rejecting the claims of a plaintiff who argued that the branding of "Diet Dr Pepper" was deceptive because the name suggested that the product would assist with weight loss. *Id.* at 1229. We affirmed the dismissal of the claim on the basis that the plaintiff could not

"make plausible the allegation that reasonable consumers are misled by the term 'diet.'" *Id.* at 1231.[3]

The same is true here. Bodenburg has alleged that Apple's statements are deceptive and misleading about the amount of cloud storage that each iCloud+ plan will provide. Some consumers may well agree. But Apple's statements are "not false and deceptive merely because [they] may be 'unreasonably misunderstood by an insignificant and unrepresentative segment'" of consumers. *Ebner*, 883 F.3d at 966 (quoting *Davis*, 691 F.3d at 1162). Instead, when interpreting claims under the UCL, CLRA, and FAL, we must focus on the expectations of reasonable consumers. *See id.* Here, because Apple's statements are neither ambiguous nor misleading when considered in context, a reasonable consumer reviewing these statements would not plausibly share Bodenburg's expectation of additional storage. Thus, Bodenburg cannot state a plausible claim under the UCL, CLRA, or FAL.

---

[3] Bodenburg, although acknowledging this precedent, nevertheless points to *Whiteside*, a recent decision in which we reversed the dismissal of consumer protection claims. 108 F.4th at 786. There, the plaintiffs claimed that they had been deceived by baby wipes that prominently proclaimed they were "Plant-based," even though the back of their packaging disclaimed that they included "synthetic ingredients." *Id.* at 775–76. We determined that these claims were plausible because a disclaimer on the back label of a package is not necessarily sufficient to dispel the deception caused by a misleading statement on the package's front. *Id.* at 778–79. But this principle, which is specific to product labeling, has no clear application to Bodenburg's case. Further, although *Whiteside* raises a larger question whether a company may use accurate statements to correct an initial deceptive statement, Apple proffered no deceptive statements here. Therefore, though *Whiteside* may be relevant to certain consumer protection claims, it has limited relevance here.

### b. Fed. R. Civ. P. 9(b)

Because Bodenburg's consumer protection claims are based on Apple's allegedly fraudulent business practices, these claims must also satisfy the heightened pleading requirements set forth in Fed. R. Civ. P. 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–05 (9th Cir. 2003).[4] Rule 9(b) requires that parties "state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b), including "'the who, what, when, where, and how' of the misconduct charged," *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). To satisfy this standard, a plaintiff asserting fraud-based claims "must set forth what is false or misleading about [the defendant's] statement[s], and why [they are] false." *Becerra*, 945 F.3d at 1228 (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

For the same reasons that Bodenburg's claims do not satisfy the reasonable consumer test, they also do not satisfy Rule 9(b). As the district court noted, Bodenburg cannot point to any statements in the Agreement that are truly deceptive. Further, although Bodenburg alleges that certain statements, such as the promise that iCloud+ storage plans will provide "[a]dditional storage," are ambiguous and misleading, Bodenburg cannot set forth facts showing that these statements are false. *See id.* at 1228; *Cooper*, 137 F.3d at 626 (explaining that, to satisfy Rule 9(b), "a complaint must contain allegations that fraudulent statements were false when made"). As a result, Bodenburg's consumer

---

[4] Although Bodenburg objected to the application of Rule 9(b) before the district court, she neglected to raise this issue in either of her briefs on appeal and has thus waived any challenge to its applicability. *See Dennis v. BEH–1, LLC*, 520 F.3d 1066, 1069 n.1 (9th Cir. 2008).

protection claims cannot satisfy Rule 9(b). *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) ("[M]ere conclusory allegations of fraud are insufficient."); *see, e.g.*, *Vess*, 317 F.3d at 1107 (dismissing claim under Rule 9(b) where the plaintiff "allege[d] that the [defendant] misrepresented its connection to [a third party], but . . . d[id] not identify any specific misrepresentations").[5] For this additional reason, the district court acted properly by dismissing Bodenburg's claims under the UCL, CLRA, and FAL.

## CONCLUSION

For the foregoing reasons, we conclude that Bodenburg cannot state a claim upon which relief may be granted. Because Apple fulfilled its contractual obligations set forth in the Agreement, Bodenburg cannot state a claim for breach of contract. Further, because Bodenburg could not plausibly prove that reasonable consumers would be deceived by Apple's statements, and because Bodenburg's pleadings cannot satisfy Rule 9(b)'s heightened pleading requirements, Bodenburg cannot state a claim under California's consumer protection laws. As a result, we affirm the district court's dismissal of this action.

**AFFIRMED.**

---

[5] The district court also found that Bodenburg failed to satisfy Rule 9(b) because the FAC did not specify when Bodenburg purchased her iCloud+ plan or learned of the extent of its storage. Although this analysis is correct, it alone does not support the district court's dismissal of Bodenburg's claims with prejudice because, as Bodenburg points out, there was no basis for the district court to have denied leave to amend to add missing temporal allegations.